**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN A. DEEP,**

                              **Plaintiff**

                                  v.                          1:05-CV-1187
                                                                         (FJS/RFT)

**DAVID BOIES, Esq.;**
**BOIES, SCHILLER, & FLEXNER, LLP;**
**and STRAUS & BOIES, LLP,**

                              **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**JOHN A. DEEP**
Cohoes, New York 12047
Plaintiff *pro se*

**BOIES, SCHILLER, & FLEXNER, LLP**     **GEORGE F. CARPINELLO, ESQ.**
10 North Pearl Street
4th Floor
Albany, New York 12207
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff's present action is based on his legal malpractice and related state tort claims against his former attorney David Boies and the firms of Boies, Schiller, & Flexner, LLP and Straus & Boies, LLP. These claims arise from Defendants' representation of Plaintiff in certain transactions and court proceedings involving his software program called "Aimster." Currently before the Court is Defendants' motion to dismiss for lack of subject-matter

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, Defendants request that the Court abstain from adjudicating Plaintiff's claims pursuant to 28 U.S.C. §§ 1334(c)(1) and 1334(c)(2).

## II. DISCUSSION

Plaintiff alleges that, during the course of Defendants' representation of him, William Duker approached Plaintiff as a potential investor in Aimster.[1] Thereafter, Plaintiff contends that Defendant David Boies engaged in a series of concealed sham transactions involving Mr. Duker and members of the Bois Family for the purpose of misappropriating Plaintiff's assets. Furthermore, Plaintiff argues that Defendants received compensation for legal services that they never provided. During this course of conduct, Plaintiff asserts that Defendants concealed their representation of conflicted clients and also disclosed confidential material received from Plaintiff. Finally, Plaintiff asserts that Defendant David Boies commingled funds and that he or Boies Family-controlled businesses took actions that were fraudulent and adverse to Plaintiff's interests.

Based on these allegations, Plaintiff asserts nine causes of action in his seventy-eight page complaint for (1) attorney malpractice and breach of fiduciary duty, (2) inducing breach of fiduciary duty, (3) conspiracy to breach fiduciary duty, (4) fraud, (5) constructive fraud, (6) accounting, (7) constructive trust, (8) unjust enrichment, and (9) conversion.

Plaintiff originally asserted diversity jurisdiction, but Defendants' motion to dismiss and

---

[1] Mr. Duker was disbarred following a guilty plea for overcharging the FDIC by $1.4 million for an investigation. *See In re Duker*, 242 A.D.2d 853 (3d Dep't 1997).

supporting affidavit established that complete diversity was lacking. In response, Plaintiff asserted for the first time that jurisdiction exists under 28 U.S.C. § 1334(b) on the basis that Defendants' alleged acts "relate to" his bankruptcy because the bankruptcy estate could increase as a result of this action.[2] In response, Defendants argue that the Court must abstain and dismiss

---

[2] Plaintiff filed three successive bankruptcy petitions after the music industry brought several actions alleging copyright violations against Plaintiff and his companies BuddyUSA, Inc. and AbovePeer, Inc. In November 2001, the Judicial Panel for Multi-District Litigation ("MDL") consolidated eleven of the copyright actions in the District Court for the Northern District of Illinois. Defendant Boies, Schiller, & Flexner, LLP originally represented Plaintiff in the MDL litigation but eventually withdrew. Plaintiff then proceeded *pro se*.

In the MDL litigation, a number of copyright-owning creditors moved for a preliminary injunction against Plaintiff and his companies. In response, Plaintiff filed his first Chapter 13 bankruptcy petition on March 11, 2002. During the bankruptcy case, the court granted relief from the automatic stay to the copyright-owning creditors, consisting of approximately forty-eight record companies and movie studios, to continue pursuing the preliminary injunction in the MDL litigation. Thereafter, the MDL court granted their request for a preliminary injunction on September 4, 2002. *See In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 665 (N.D. Ill. 2002); *see also In re Aimster Copyright Litig.*, 334 F.3d 643 (7th Cir. 2003). However, on December 20, 2002, the MDL court held Plaintiff in contempt for violating the preliminary injunction and ordered him to pay attorneys' fees and costs of $103,850.54, and further sanctioned him $5,000. *See In re Aimster Copyright Litig.*, 2004 WL 206188, *1 (7th Cir. Jan. 29, 2004). Plaintiff sought voluntary dismissal of his first bankruptcy case on February 24, 2003.

Plaintiff filed his second bankruptcy petition on July 22, 2003. He then filed an adversary proceeding against the copyright-owning creditors. The Northern District of New York dismissed both of these matters on May 21, 2004, but upon reconsideration, the court allowed the adversary proceeding to continue for the limited purpose of considering Plaintiff's request to withdraw the bankruptcy reference. Ultimately, the MDL Court transferred the adversary proceeding and other related matters commenced in the Northern District of Illinois to the District Court of Maine.

Plaintiff filed his third bankruptcy petition on January 4, 2005. However, the proceedings were adjourned several times pending the outcome of the matters in Maine. Recently, the District Court of Maine dismissed Plaintiff's federal claims and abstained from adjudicating the state-law claims against the "lawyer defendants;" the state-law claims were substantially the same as those asserted here. *See generally In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 456 F. Supp. 2d 131, 154, 162 (D. Me. 2006). Subsequently, the bankruptcy

(continued...)

the action pursuant to 28 U.S.C. § 1334(c)(2) because Plaintiff has filed several lawsuits with the same allegations, including a pending action in New York State Supreme Court. Alternatively, Defendants contend that the Court should abstain and dismiss Plaintiff's action pursuant to the permissive abstention provision in 28 U.S.C. § 1334(c)(1).

### A.     Subject-matter jurisdiction

As a threshold matter, the Court must determine whether it has subject-matter jurisdiction over Plaintiff's claims. Conceding that diversity jurisdiction does not exist, Plaintiff now bases his claim of jurisdiction solely on "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b).

An action is related to a bankruptcy proceeding if its outcome could conceivably have any effect on the bankruptcy estate. *See Covanta Onondaga Ltd. v. Onondaga County Res. Recovery Agency*, 281 B.R. 809, 813 (N.D.N.Y. 2002) (citing *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)) (other citations omitted). For example, in *Covanta*, which involved a breach-of-contract claim, the district court concluded that it had subject-matter jurisdiction because "recovery of damages could alter the debtor's rights, liabilities, options, or freedom of action, either positively or negatively and may impact upon handling and administration of the bankrupt estate." *Id.* at 814 (citing *Pacor v. Higgins*, 743 F.2d at 994).

In this case, there is an ongoing bankruptcy proceeding and the cause of action belonging

---

[2](...continued)
proceedings continued, and presumably as a result of the numerous actions and motions that Plaintiff has filed, the bankruptcy court recently enjoined Plaintiff from commencing actions or making certain motions without its approval.

to the debtor arose prior to the filing of the bankruptcy petition. Moreover, Plaintiff asserts in his bankruptcy plan that nearly all of his assets have been misappropriated and indicates that he will report any recovery to the Bankruptcy Trustee for inclusion in the schedule of assets. *See* Declaration of John A. Deep, sworn to June 15, 2005, at Exhibit 1 at 18-20. Therefore, it is conceivable that, if Plaintiff prevails in this action, the bankruptcy estate would be augmented, thereby affecting the rights of creditors. Accordingly, the Court concludes that it has subject-matter jurisdiction over Plaintiff's claims.

### B.     Mandatory Abstention

Even if "related to" jurisdiction exists pursuant to 28 U.S.C. § 1334(b), a district court must abstain under § 1334(c)(2) if six criteria are met: (1) the motion for abstention was timely; (2) the action is based on a state-law claim; (3) the action is "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code or "arising in" a bankruptcy proceeding; (4) section 1334 is the sole jurisdictional basis for the action; (5) an action was commenced in state court; and (6) the state-court action can be timely adjudicated.[3] *See Von Richthofen v. Family M.*

---

[3] Section 1334(c)(2) states, in pertinent part, that,

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 . . ., with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(continued...)

*Found. Ltd.*, 339 B.R. 315, 319 (S.D.N.Y. 2005) (citations omitted); *Covanta*, 281 B.R. at 816 (citation omitted). The Court will consider these criteria in turn.

First, a motion to abstain is timely if it is promptly filed or if it does not prejudice the rights of others. *See Gassman v. Gassman, Griper & Golodny*, No. 097 Civ. 0093, 1997 WL 603439, *1 n.5 (S.D.N.Y. Sept. 30, 1997) (citation omitted). Defendants' motion was timely because they filed it promptly on December 16, 2005, a mere ten days after Plaintiff raised § 1334(b) as a basis of subject-matter jurisdiction for the first time. Moreover, there is no evidence of prejudice.

Second, the underlying action must be based on a state-law claim. Here, Plaintiff asserts nine causes of action, which are all based on state law.

Third, the action must be "related to" a bankruptcy proceeding, but it cannot be a "core proceeding." *See id.* at *2. Core proceedings "arise under" the Bankruptcy Code or "arise in" a bankruptcy case. Common examples of core proceedings include the following:

> (A) matters concerning the administration of the estate;
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 . . . ; [and] (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. . . .

*Id.* (quoting 28 U.S.C. § 157(b)(2)). Plaintiff concedes this point by stating that his claims merely "relate to" his bankruptcy because the amount of property distributed according to the

---

[3](...continued)
28 U.S.C. § 1334(c)(2).

schedule of assets could be affected. *See* Plaintiff's Response to Defendants' Motion to Dismiss at 2-3. Moreover, none of the circumstances outlined in the passage above apply in this case.

Fourth, "related to" jurisdiction under § 1334 must be the only basis for jurisdiction. Plaintiff's case cannot be based on diversity jurisdiction, no federal question is present, and he raises only state-law claims. Furthermore, the Court finds no other statutory basis for jurisdiction.

Fifth, an action must have "commenced" in state court. This requirement can be met even if the commenced action was removed to federal court. *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447 (2d Cir. 2005) (citations omitted). Here, Plaintiff concedes that he has filed a lawsuit in New York State Supreme Court alleging attorney malpractice against Mr. Boies.[4] *See* Plaintiff's Response to Defendants' Motion to Dismiss at 7 n.6.

Sixth, the state-court action must be capable of timely adjudication. In this case, there is no reason to conclude that plaintiff's state-court claim will not be timely adjudicated. To the contrary, Defendants provided evidence of the New York State Supreme Court's pattern of timely adjudication.

---

[4] In total, Plaintiff has filed four actions against Defendants. In addition to (1) this action and (2) the New York State Supreme Court action, Plaintiff has also filed (3) an action in New York State Supreme Court which was removed and transferred to the District of Maine and (4) an action originally brought in Bankruptcy Court for the Northern District of New York which was transferred to this Court and then transferred to the District of Maine. The allegations in the present action are well-accounted for in the other actions.

Indeed, in light of his propensity to litigate, the Seventh Circuit recognized that Plaintiff engaged in "vexatious litigation in several courts." *In re Aimster Copyright Litig.*, 86 Fed. Appx. 984, 985 (7th Cir. 2004).

The Court finds that all six criteria favor mandatory abstention pursuant to § 1334(c)(2). Accordingly, the Court **ABSTAINS** from adjudicating Plaintiff's claims pursuant to this provision and **DISMISSES** this action in its entirety.[5]

### C.     Permissive Abstention

Alternatively, the Court determines that permissive abstention would be appropriate pursuant to 28 U.S.C. § 1334(c)(1).[6] The following factors support permissive abstention: (1) the case involves state-law claims exclusively; (2) the New York court is in the best position to apply state law regarding breach of fiduciary duty; (3) the state claims have no basis in federal jurisdiction other than their being "related to" a bankruptcy proceeding; (4) the substance of the claims arose under state law, not title 11; (5) there is no need to sever federal claims from the state action; and (6) there is no need to burden the court with a case that can proceed to trial in a state court. *See Gassman*, 1997 WL 603439, at *3.

---

[5] In cases that have been removed, it would be appropriate to abstain and remand. *See Covanta*, 281 B.R. at 816. However, since this case was originally filed in a federal district court and the claims are accounted for in a commenced state-court action, the Court finds that abstention and dismissal is appropriate. *See In re Cody, Inc.*, 338 F.3d 89, 92, 97-98 (2d Cir. 2003) (affirming dismissal of adversary proceeding).

[6] Section 1334(c)(1) states, in pertinent part, that

> nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Accordingly, as an alternative, the Court **ABSTAINS** from adjudicating Plaintiff's claims pursuant to 28 U.S.C. § 1334(c)(1) and **DISMISSES** this action in its entirety.

### III. CONCLUSION

Accordingly, after reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ABSTAINS** from adjudicating Plaintiff's claims pursuant to 28 U.S.C. § 1334(c)(2), or in the alternative, pursuant to 28 U.S.C. § 1334(c)(1); and the Court further

**ORDERS** that Plaintiff's claims are **DISMISSED** in their entirety; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: January 17, 2007

Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge